**W. H. HAMMON, Appellant,**

v.

**WICHITA COUNTY, Texas, Appellee.**

No. 15720.

Court of Civil Appeals of Texas.

Fort Worth.

May 4, 1956.

Rehearing Denied June 1, 1956.

Thelbert Martin, Bullington, Humphrey, Humphrey & Fillmore and Leslie Humphrey, Wichita Falls, for appellant.

McDonald & Anderson and Geo. W. Anderson, Wichita Falls, for appellee.

RENFRO, Justice.

Wichita County obtained a temporary injunction against W. H. Hammon, enjoining him from drilling an oil well.

According to the County's petition, a bond issue had been voted in said County for the purpose of acquiring right of way for an improved highway system. The cost of construction of such system was to be borne by the State Highway Department.

The Highway Department mapped, surveyed and platted the proposed routes.

A part of the proposed construction, if completed, will pass through the Krizan land, upon which appellant Hammon has an oil and gas lease and on which he has some producing oil wells.

The Highway Department staked out a proposed right of way through the Krizan land, which would miss the existing wells. The description was included in a blank deed prepared by the Highway Department and delivered to the Commissioners' Court on December 19, 1955.

Upon the preceding day, appellant had commenced a new well on a site within the right of way bounds as planned by the Highway Department. He was following a previous plan of drilling and did not know the metes and bounds of the proposed right of way but thought it would be on another portion of the Krizan tract.

On December 22nd, the court issued a temporary restraining order prohibiting appellant from drilling the well. At that time the well had been drilled to a considerable depth.

Appellant immediately filed a motion to dissolve the restraining order. A hearing, at which evidence was introduced, was held on the 23rd of December and on the 24th the court entered a temporary injunction against appellant, from which he has appealed.

It is undisputed that as of the date of the restraining order and of the temporary injunction the County had not acquired a right of way over the Krizan tract, either by purchase or by condemnation proceedings.

It is a fair summary of the evidence to say the proper officials of the County intend to acquire the proposed right of way by purchase or condemnation at some future time.

■ Even though the County is entitled to exercise the power of eminent domain, there must be a showing of strict compliance with the law authorizing the taking of property of a owner for public use. City of Houston v. Kunze, 153 Tex. 42, 262 S.W. 2d 947.

■ Wichita County has no right to destroy appellant's property prior to the lawful appropriation thereof by paying or securing the payment of compensation. City of Fort Worth v. Dietert, Tex.Civ.App., 271 S.W.2d 299, error refused.

■ Conversely, the County has no right to restrain appellant from making lawful use of his property prior to a legal taking thereof by the County.

It is undisputed appellant observed all rules and regulations governing the drilling of the well.

■ "In order to warrant the issuance of an injunction for the protection of a threatened right, the right endangered must be an existing one vested in the applicant, * * *." 24 Tex.Jur., p. 92, sec. 67.

■ Generally, the right to equitable relief must be determined as such right may or may not exist at the time of the hearing. Local Union No. 324, International Brotherhood of Electrical Workers, A. F. L. v. Upshur-Rural Electric Cooperative Corp., Tex.Civ.App., 261 S.W.2d 484.

■ The rule is stated in 43 C.J.S., Injunctions, § 19, at page 429, as follows: "The existence of a right violated is a prerequisite to the granting of an injunction, and, where it is clear that the complainant does not have the right that he claims, he is not entitled to an injunction, either temporary or perpetual, to prevent a violation of such supposed right. * * * An injunction will not issue to protect a right not in esse and which may never arise or to restrain an act which does not give rise to a cause of action, * * *."

■ As of the time of the filing of the suit and the hearing thereon, the County had no right in the Krizan tract other than the right to enter same for the purpose of surveying, inspecting, staking, etc. There

is no claim that such right was being denied it. According to the record, it is indefinite when the County will be ready to buy or condemn the land.

The appellant did not violate any right of the County by drilling the oil well.

Since the County had no present interest in the tract under consideration and no right of the County had been or was being violated by appellant, the court erred in granting the injunction.

The judgment of the trial court is reversed and the injunction dissolved.