

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 22, 1957

Honorable Fred F. Holub
County Attorney
Matagorda County
Bay City, Texas

Opinion No. WW-125

Re: Authority of County to reim-
burse Pipe Line Company for
expenses incurred by virtue
of acquiring right of way
where there is a pre-existing
pipe line.

Dear Sir:

The following question was presented in your recent
letter:

"The question that is presented here is that
when the State Highway Commission takes over an
existing County Road for the purpose of con-
structing a F.M. Highway and requests additional
rights of way to be purchased by the County for
a wider right of way than originally included
in the County road right of way, and said old
County road is crossed by a pipe line of a common
carrier, must the County pay said common carrier
for meeting State specifications in lowering
and additional casing of the pipe line under
the widened portion of said right of way?"

In your letter you also offered the following com-
ment:

"It would appear, taking into consideration
Article 6022 and 2351 that although the common
carrier would have the right to cross a public
road, where same is a County road under Article
2351, the Commissioners Court in its exercise
of general control could control the method of

crossing and the location of crossing. Here
in this case, had the common carrier made a
formal notice of crossing, the Commissioners
Court, could, it would be reasonable to assume,
foresee a future widening of said road and re-
quire the crossing to provide for future widen-
ing. As it appears that no formal approval or
notice of crossing was procured by the common
carrier, it would appear that now any additional
casing or lowering should be done at the expense
of the common carrier."

We refer you to Opinions WW-45 and WW-78 (which are
enclosed) holding, in effect, that the expenses for reloation
of a utility on right of way already subject to public use,
must be borne by the utility rather than the public. However,
your question as presented was limited to the proposition of
whether or not reimbursement was required to be paid to the
pipe line common carrier for meeting State specifications in
lowering and additional casing of the pipe line under the new
or additional right of way required for the widening program.
Attorney General Opinion No. 0-2405A, dated October 9, 1940,
which you mentioned you had in your files, states as to the
measure of damage in a similar case:

"Therefore, we are of the opinion that
where the state has permitted such corporation
as above mentioned to erect and construct its
lines under and across public roads, and where
the county requires the additional right of way
for new highways or public roads over and across
the private property of the above mentioned
corporation, the county would be liable to said
corporation for the expense of casing said lines
and burying them at a proper depth. . . ." (Em-
phasis added).

In City of Denton v. Chastain, Civ. App. 1941, NWH,
156 S.W. 2d 554, the court held:

"It has long been the rule in this state that
if by the taking of a portion of one's land
for public use it becomes necessary to build
fences, construct gates, culverts and other
things necessary to make the remainder usable
and to prevent greater losses sustained by the

appropriation of that part taken, evidence
of such expenses thus incurred should be
considered by the jury in fixing the amount
of damages to that part not appropriated. . . ."

Also, see Pillot v. City of Houston, Civ. App., 1932,
NWH, 51 S.W. 2d 794.

Should this right of way have to be condemned, the cost
of burying and providing additional casing would not be a sep-
arate issue, but should be considered in the general issues of
the before and after values of condemnee's property. If, however,
this right is acquired by out of court settlement, it seems that
there would be no other way to compute what the pipe line company
is entitled to but by considering the cost of reburying and pro-
viding additional casing, and it is considered that this is sup-
ported by ample authority as above set forth.

You pointed out, as above quoted, that you considered
this situation different because the pipe line utility had not
secured permission of the Commissioners' Court to cross the ex-
isting road and that "it would be reasonable to assume" that the
Commissioners' Court would "foresee a future widening of said
roads and require the crossing to provide for future widen-
ing. . ." and for that reason there should be no liability for
reburying and providing additional casing on the portion taken
for new or additional right of way.

It is submitted that this proposition has been decided
adversely to your contention in Hammon v. Wichita County, Civ.
App., 1956, 290 S.W. 2d 545 (no writ history):

"Wichita County has no right to destroy
appellant's property prior to the lawful
appropriation thereof by paying or securing
the payment of compensation. City of Fort
Worth v. Dietert, Tex. Civ. App., 271 S.W.
2d 299, error refused.

"Conversely, the County has no right to
restrain appellant from making lawful use of
his property prior to a legal taking thereof
by the County."

Hence, assuming, without deciding, that the statutes
impose upon the pipe line common carrier the duty of clearing
with the Commissioners' Court before crossing a county road,

and even assuming that the Commissioners' Court has foreseen the widening, it could not have required the pipe line common carrier to make special preparations, at additional expense, on land not in the then existing right of way as such would have been a restraint upon the use of private property prior to a legal taking thereof.

## SUMMARY

Where a pipe line crosses under an existing county road, which road is desired by the State as a Farm to Market road, and additional right of way is required to widen the road, the governmental authority securing this additional right of way is authorized to pay the pipe line common carrier for expenses incurred in meeting state specifications which specifications require the lowering of the pipe line and additional casing therefor under the widened, or newly acquired, right of way.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Joe G. Rollins
Assistant

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

Fred Werkenthin
Ralph R. Rash
Jas. W. Wilson

REVIEWED FOR THE ATTORNEY
GENERAL BY:

Geo. P. Blackburn