James C. GARLAND et al., Appellants,

v.

W. D. SHEPHERD, Appellee.

No. 17333.

Court of Civil Appeals of Texas.

Dallas.

July 25, 1969.

Rehearing Denied Oct. 10, 1969.

Robert R. Bradshaw, McKenzie & Baer, Dallas, for appellants.

G. H. Kelsoe, Jr., Kelsoe & Stone, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

Appeal from an order granting a temporary injunction.

In October and November, 1965 James C. Garland and Don Shepherd (being the same as W. D. Shepherd) executed certain promissory notes totaling the sum of $285,000 payable to Helge S. Van Loon and Lloyd A. Van Loon, and representing a portion of the purchase price of all of the stock of a Colorado corporation known as Van Loon Bros., Inc., It was agreed that the stock of Van Loon Bros., Inc., was to be owned by The Garland Corporation, a Colorado corporation, the capital stock of which was to be owned equally by Shepherd and Garland. Because of certain facts not relevant to any issue here presented the notes were not paid and the payees thereof filed suit in a district court of the State of Colorado against Shepherd, Garland and The Garland Corporation, seeking recovery on the notes in question. Shepherd, Garland and The Garland Corporation filed an answer to this action asserting a number of defenses including alleged material misrepresentations concerning the assets of the Van Loon Bros., Inc. This action is still pending in the district court in Colorado and no judgment has been rendered therein. Shepherd, as plaintiff, has sued the Van Loons, as defendants, in the United States District Court in Colorado, in which he seeks to cancel and rescind the promissory notes executed by him. This action is also pending.

Meanwhile, back in Texas, Garland, or his wholly owned company, Capital Management Services, Inc., had instituted five civil actions in the United States District Court for the Southern District of Texas at Houston against Shepherd, such litigation being wholly unrelated to the Colorado litigations described above. Garland and Shepherd arrived at a settlement of these cases and as a part of such settlement agreement Shepherd delivered a cashier's check for $140,000 and certificates (or letters promising to deliver certificates) representing 2,585 shares of stock in General Electro Dynamics Corporation, to Garland and his attorney, William T. McKenzie, in Dallas. Mr. McKenzie was a named payee in the check for $140,000.

Shepherd brought this action in a district court of Dallas County, Texas, complaining of Garland, Capital Management Services, Inc., The Garland Corporation, and William T. McKenzie and asking for a temporary restraining order, temporary injunction, and permanent injunction, restraining the named parties from selling, negotiating or otherwise disturbing the status quo of the cashier's check for $140,000 and the certificates of stock in General Electro Dynamics Corporation. Shepherd alleged that he was an accommodation maker for Garland on the promissory notes executed in Colorado and being the basis of the suit against Shepherd and Garland in the state court in Colorado. He further alleged that "he is entitled to indemnity and/or contribution from the defendant, James C. Garland, and The Garland Corporation" on the above described notes. He charged that Garland and The Garland Corporation were insolvent so that he had no adequate remedy at law and was entitled to the equitable relief sought. He prayed that judgment should be entered decreeing that he is entitled to "indemnity and/or contribution" and that an order be entered directing the defendant to turn over the proceeds of the $140,000 cashier's check, and also the stock, to Shepherd. It is uncontroverted that attorney McKenzie endorsed and delivered the $140,000 check

to Garland prior to service of process upon either McKenzie or Garland. It is also without dispute that Garland made certain disposition of the proceeds of the check after he was served with process in this case.

The trial court issued a temporary restraining order and thereafter, following a hearing, the court granted a temporary injunction against Garland, and "all persons in active concert with him" restraining and enjoining them from negotiating, disposing of, or otherwise changing the status quo of the 2,585 shares, of stock, during the pendency of this action.

In their chief assault upon the order of the court appellants contend that since Shepherd had failed to either plead or prove a right *in esse* to be protected by injunction the order was improvidently granted. We agree with appellant and reverse the judgment.

When Shepherd's petition in this action is analyzed in its most favorable light we find its application for equitable relief to be based upon many contingencies and possibilities which may or may not happen. He seeks to have a court of equity impound certain shares of stock owned by Garland pending the judicial determination of the question of "contribution and/or indemnity" such being dependent or contingent upon the outcome of the Colorado litigations.

■ Injunction is an equitable remedy, designed primarily to grant relief against the threatened violation of a right when legal remedies are inadequate. It may be granted in Texas either by express provision of a statute or by the application of general equitable principles.

■ It is a familiar rule of equity that the right threatened and sought to be protected by injunction must be an existing one. It must be a right vested in the applicant; and it must be a legally cognizable and justiciable right or interest. 31 Tex.

Jur.2d, § 19, pp. 62–63. Since the real existence of a right which is about to be violated is a prerequisite to the granting of an injunction such writ will not be granted to protect a right not *in esse* and which is merely contingent and may possibly never arise.

Our courts have repeatedly held that a writ of injunction will not issue to protect a right not yet in being and one that may never come into being. As the court stated in Hammon v. Wichita County, 290 S.W.2d 545 (Tex.Civ.App., Fort Worth 1956, no writ), quoting from 43 C.J.S. Injunctions § 19, p. 429:

"The existence of a right violated is a prerequisite to the granting of an injunction, and, where it is clear that complainant does not have the right that he claims, he is not entitled to an injunction, either temporary or perpetual, to prevent a violation of such supposed right. * * * An injunction will not issue to protect a right not in esse and which may never arise or to restrain an act which does not give rise to a cause of action."

See also West Production Co. v. Southwestern Bell Telephone Co., 123 S.W.2d 675 (Tex.Civ.App., Galveston 1938, writ ref'd); Local Union No. 324, etc. v. Upshur-Rural Electric Cooperative Corp., 261 S.W.2d 484 (Tex.Civ.App., Texarkana 1953, no writ); Craven v. Davison, 233 S.W. 872 (Tex.Civ. App., Galveston 1921, no writ); McBride v. Aransas County, 304 S.W.2d 450 (Tex. Civ.App., Eastland 1957, writ ref'd n. r. e.); Williams v. Masterson, 306 S.W.2d 152 (Tex.Civ.App., Houston 1957, writ ref'd n. r. e.).

Shepherd's request that a court of equity sequester, seize and impound assets of Garland for contingent application upon a money demand which Shepherd may hereafter have against Garland, and which demand has not yet been reduced to judgment, is contrary to the decisions both in

Texas and elsewhere. The rule is stated in 116 A.L.R. 271, as follows:

"The basic general rule (which in the majority of the cases is laid down in such terms and with such emphasis as to negative the existence of any exceptions) is that, in the absence of statute so authorizing, a court of equity is without jurisdiction to seize, or otherwise provisionally impound, assets for application upon a money demand that is not secured by a lien on such assets and has not been reduced to judgment."

In addition to numerous authorities throughout the United States this rule has been followed in Carter et al. v. Hightower, 79 Tex. 135, 15 S.W. 223 (1890); Craven v. Davison, 233 S.W. 872 (Tex.Civ. App., Galveston 1921); Security State Bank v. Spinnler, 55 S.W.2d 128 (Tex.Civ. App., Amarillo 1932); and Glaspy v. Grubbs, 110 S.W.2d 1188 (Tex.Civ.App., Dallas 1937).

Appellee, in his brief, concedes the existence and validity of these general rules but seeks to justify the granting of equitable relief in this particular case upon an exception to the rule announced in 116 A.L.R. 284, as follows:

" * * * an equity court, in aid of a pending action at law, has jurisdiction provisionally to impound, as by injunction, property which because of its character or situation, or the circumstances of the case, is not subject to seizure in the law of action, if, under the special circumstances, such provisional relief is necessary to prevent a failure of justice, and is not contrary to the policy of the statutes."

The writer then proceeds with the general statement that equity has jurisdiction to impound assets in aid of a pending court action, where there is sufficient probability of a judgment being recovered in such action and provisional remedy is necessary to prevent the action from being defeated. The annotation does not refer to any Texas authority in support of the exception to the general rule and we have found none.

Appellee argues, however, that the case should be construed by us to fall within the exception to the general rule due to the fact that this case contains "special facts and circumstances" demonstrating the necessity for intervention by a court of equity to prevent injustice.

We cannot agree with appellee that this case presents such aggravated facts or circumstances as would call for the invocation of the jurisdiction of a court of equity to sequester or impound assets pending the happening of not one but many contingencies which may never arise. At the present time the legal liability of Garland to Shepherd has not been established in any court. There are merely two lawsuits pending in the State of Colorado, neither of which has reached judgment stage. In one action a suit has been instituted against Garland and Shepherd upon certain promissory notes executed by both of them as co-makers. Shepherd contends that due to agreement with Garland he, Shepherd, signed the notes as an accommodation maker only. He says that the agreement between the two was to the effect that no legal liability would ever be imposed on Shepherd. Shepherd says that in the event judgment is obtained against Garland and Shepherd in Colorado and if Garland does not pay the judgment then, he, Shepherd, will have to pay the same. In these contingencies Shepherd will then have a cause of action against Garland. An accommodation maker does not have a cause of action against the party accommodated until he pays the instrument. Vernon's Ann. Civ.St., Business and Commerce Code, Sec. 3.415(e); Rau v. Modern Sales & Service, Inc., 414 S.W.2d 203 (Tex.Civ.App., San Antonio 1967, writ ref'd n. r. e.); 11 Am.Jur.2d, Bills and Notes, § 549; and 11 C.J.S. Bills and Notes § 750.

■ Thus the "right to be protected" which is claimed by appellee is not *in esse*, but is contingent upon the following: (1)

failure on the part of Shepherd to prevail in his suit in the federal court in Colorado wherein he seeks to cancel and rescind the notes sued upon; (2) the failure of Shepherd to successfully maintain his defenses in the state court action in Colorado thereby resulting in a judgment for the plaintiff against both Garland and Shepherd for the amount of the notes sued upon; (3) the failure on the part of Garland to discharge the judgment; (4) the payment by Shepherd of the judgment; (5) the inadequacy of remedy at law in favor of Shepherd against Garland to enforce his right of contribution and indemnity. It is obvious to us that in the face of these many contingencies there is no real right vested in Shepherd to be protected by a court of equity.

In addition to the absence of a right in existence to be protected the record further reveals the absence of justification for the implied finding on the part of the trial court that appellee has no adequate remedy at law and that Garland is insolvent so that he could not respond in damages. On the question of insolvency it would appear that the very fact that Shepherd transferred to Garland a cashier's check for $140,000 and also 2,585 shares of valuable stock would, in itself, negate the idea of Garland's insolvency. Moreover, the testimony reveals that Garland has a net worth of approximately $742,661 and that he had no debts, except current bills of approximately $1,000 to $1,200.

Appellee alleges in his brief that appellant is a nonresident of Texas, living in Oklahoma. If this be true then appellee would have available to him, as a legal remedy, the provisions of Art. 281, V.A.C. S., which provides that attachment may issue upon unliquidated demands against persons upon whom personal service cannot be obtained within this state. Since the shares of stock are in Texas they are subject to attachment under the express provisions of this statute.

We agree with appellant that the record is devoid of any evidence to support the court's implied finding that damage to appellee is imminent.

The judgment of the trial court is reversed and judgment is now rendered dismissing the temporary writ of injunction.

Reversed and rendered.