AMERICAN NATIONAL INSURANCE
COMPANY, Appellant,

v.

WILSON STATE BANK et al., Appellees.

No. 8260.

Court of Civil Appeals of Texas,
Amarillo.

April 17, 1972.

Rehearing Denied May 15, 1972.

Evans, Pharr, Trout & Jones (John A. Flygare), Lubbock, for appellant.

Huffaker & Green (Harold Green), Tahoka, for appellees.

REYNOLDS, Justice.

American National Insurance Company has appealed from a temporary injunction restraining it from failing to renew health insurance policies issued through a bank franchise in Lynn County unless all policies of the same class issued in the State of Texas are non-renewed. Affirmed.

The facts are undisputed. Appellant American National Insurance Company initiated a plan whereby it would offer its "Bank Depositor Plan of Hospital-Surgical Expense Protection" policy of hospital and medical insurance to the depositors of a bank in a county of a state. Appellant would issue a numbered franchise to the bank and each franchise was considered to be limited to the county in which the bank was located without regard to the addresses of the depositors. There is no evidence in this record as to what benefit, if any, the franchise would be to the bank. The bank would recommend the policy to its depositors and furnish a list of its depositors to appellant. The depositors would be contacted by appellant through its agents and, if the depositor subscribed to the insurance, appellant would draw a draft for the premium on the depositor's account in the bank. By this method, appellant was able to insure against certain conditions not otherwise insurable under the regular health insurance policy at a fixed premium rate not subject to change before the third anniversary date of the policy. Appellant offered the plan in approximately twenty-five states, of which Texas was one.

In 1968, agents of appellant approached the officers of the Wilson State Bank in Lynn County with the proposal to offer the hospital and medical insurance policy to the bank's depositors. After the bank's investigation of the policy, negotiations led to appellant granting franchise No. 1074 to the bank. The bank furnished appellant a list of depositors and recommended the policy to each depositor, who was contacted by appellant's agents. Of the approximate 1,400 depositors of the bank, some 200 accepted the policy, and an individual policy, containing the benefits selected by the depositor at the premium rate provided, was issued to each insured. The parties have referred to these insurance policies as the Lynn County policies.

Each policy issued under the franchise contained the following provisions:

"You may continue each Benefit of this policy in force for as long as provided by the Renewal Period for each such Benefit of this policy, by paying the applicable renewal premium for this policy for each renewal term as it becomes due, or within the grace period; unless, not less than 30 days prior to the date a premium falls due, American National notifies you of its intention not to renew this policy, together with all other policies of the same class which were issued in the same state and county. * * * "American National shall not have the right to refuse to renew any Benefit of this policy during the Renewal Period of such Benefit unless, at the same time, it declares its intention to non-renew all policies of the same class which were issued on this form in the same state and county. * * * * *"

In September, 1971, appellant determined, because the payments made under the various Lynn County policies were in excess of the premium income, to decline to renew all policies, effective after the premium for October, 1971, issued under the Wilson State Bank franchise in Lynn County. At that time, there were about 170 of the original some 200 policyholders who had continued their policies in force. The bank was notified of appellant's decision in advance of a proposed September 30, 1971 notice to the individual insureds of the decision not to renew the policies. Efforts to induce appellant to reconsider its decision were unavailing, and on September 27, 1971, the Wilson State Bank and eight policyholders instituted a class action proceeding against appellant seeking a temporary restraining order, a temporary injunction and a permanent injunction to prohibit the non-renewal of the Lynn County policies unless appellant declared its intention to refuse to renew all policies of the same class in the State of Texas. The temporary restraining order was granted without notice to appellant and a date set for a hearing on the temporary injunction.

At the hearing on the temporary injunction, appellees conceded the right of appellant to non-renew all policies of the same class in the State of Texas, but contended that appellant was contractually bound not to decline to renew only the Lynn County policies. Appellant contended that it had the right under the policy contract to non-renew all policies issued under selected franchises without the obligation to non-renew all policies of the same class in the same state in which the particular county was located. During the hearing it was established that appellant had granted some 99 franchises similar to the one granted to the Wilson State Bank under which the policies issued were in force, and that appellant's present intention was to non-renew the policies issued under 70 of the 99 franchises. Appellant stipulated that if, upon the hearing on the merits, the court should determine that appellant's policy required the non-renewal on a state-wide basis rather than on a county-wide basis, appellant would not renew all policies of the same class in the State of Texas. At the conclusion of the hearing, the trial court found, among other matters, that the non-renewal of the Lynn County policies only is not authorized by the policies issued unless appellant declares its intention to non-renew all policies of the same class issued in the State of Texas; and that, upon the evidence, the non-renewal of the Lynn County policies will result in immediate and irreparable injury to the said policyholders who have no adequate remedy at law in that they will not be able to obtain policies covering similar risks because of their changed health conditions since the issuance of the policies. The trial court then ordered the issuance of the temporary injunction, effective upon the filing of a $5,000.00 bond and until a final hearing, restraining and enjoining appellant from non-renewing the Lynn County policies unless it declares its intention to non-renew all policies of the same class issued in the

State of Texas. The bond was filed and the temporary injunction was issued, and this appeal followed.

Appellees have joined issue with appellant upon its four points of error. Essentially, the assignments present two issues, viz.: (1) whether under appellant's trial court stipulation there is any basis for the temporary injunction, and (2) whether under the policy appellant has the right to non-renew its policies on a selected county basis as opposed to a state-wide basis.

 With respect to its first contention, appellant says that when it made its stipulation, the appellees' only objection to non-renewal was met, and the trial court abused its discretion in granting the temporary injunction. As we view the matter, the stipulation is only an offer to abide by the final ruling of the trial court and, if accepted in lieu of the trial court's restraint, would leave appellant free to carry into effect the very action appellees contend would place them in the irreparable position they seek to prevent by a permanent injunction. The result would be that if appellees finally prevail, they have lost the policy protection in the interim. The purpose of a temporary injunction is to preserve the status quo pending a final determination, and the issuance thereof is not an abuse of discretion when the applicant shows a probable injury and a probable right of recovery, Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (1961); however, we do not consider the court's action a discretionary exercise since the facts are uncontroverted, and, absent disputed facts, the action of the trial court is not reviewed as a matter of discretion, but whether the trial court correctly applied the law to the undisputed facts. Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (1935). The first contention is overruled.

 In considering appellant's second contention, it must be recognized that where, as here, the only relief sought on the final trial is injunctive, the applicant is not required to establish that he will prevail in the litigation, but he must demonstrate a probable injury and a probable right to the permanent injunction after a final hearing. Dallas General Drivers, Warehousemen and Helpers v. Wamix, Inc. of Dallas, Texas, 156 Tex. 408, 295 S.W.2d 873 (1956). In consequence thereof, to entitle appellees to the temporary injunction, they were required to establish (1) a legal basis for the granting of a permanent injunction, (2) evidence tending to prove appellees could prove a factual basis therefor, and (3) probable injury in the interim if the temporary injunction were not granted. Oil Field Haulers Ass'n., Inc. v. Railroad Commission of Texas, 381 S.W.2d 183 (Tex.Sup.1964).

 Under the admitted facts, this controversy is determined by the meaning of the policy provisions providing for the right of renewal unless appellant declares its intention not to renew all policies of the same class which were issued "in the same state and county." We have been cited to no authority, and we have discovered none, carrying precedential construction of the crucial phrase "in the same state and county," or even one similar to it. The general interpretation principle is that insurance contracts are to be construed as other contracts and, when free from ambiguity, are to be given the meaning that will effectuate to the fullest extent the intention of the parties. United American Insurance Company v. Selby, 161 Tex. 162, 338 S.W.2d 160 (1960). Each party is entitled to have the questioned provisions interpreted according to the words employed and, if the provision is unambiguous, the words are to be understood in their ordinary sense. In this sense, the meaning of the renewal provisions is clear; appellant deliberately restricted its right to non-renew the Lynn County policies only if it declared its intention to non-renew all policies of the same class in the State of Texas.

Appellant argues that under this principle of interpretation if the provisions re-

quire state-wide non-renewal, it would serve no purpose to have the word "county" in the clause, and further, the word "state" is a necessary addition since there are counties of the same name in different states. The difficulty with this argument is, first, that the record before us does not reveal that the policies are identified by a county designation; secondly, there is no proof that there are counties having the same name in the different states in which appellant has issued its policies, and particularly there is no proof that there is a Lynn County in any other state in which this same class of policy was issued; and thirdly, appellant's proposed notice of non-renewal was not directed to all policyholders residing in a particular county, but to all insureds under the policies issued by virtue of the bank franchise, thus negating the necessity for differentiation between the counties of the various states. To ascribe the meaning advocated by appellant's argument to the renewal provisions would result in a strained construction to relieve appellant from the restriction imposed by its own language.

■■■ The primary object of the policy is to insure. The language of the policy was chosen by appellant, presumably with great care and deliberation, and some meaning must be attributed to the choice of words. Ordinarily, nice distinctions in language are not favored, and the desired meaning of the language is that which would be attached by the ordinary person of average understanding in purchasing the insurance. Had appellant meant to convey its right of non-renewal on a selected area basis only, it would have been simple to eliminate the phrase "state and," or to substitute for the phrase "in the same state and county" such language as "in the same state *or* county," or "in the same county of this state," or some other expression free from doubt. Having deliberately chosen to insert the word "and," rather than the word "or," between the words "state" and "county," it is presumed that appellant did not intend any equivocation. The particle

"and" appearing between the words "state" and "county" has the presentational meaning of a general relation of connection in the same manner, and is opposed to the meaning of the coordinating particle "or" which expresses an alternative. Except under circumstances not even suggested to be present here, "the words 'and' and 'or' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature." Board of Insurance Commissioners of Texas v. Guardian Life Ins. Co. of Texas, 142 Tex. 630, 180 S.W.2d 906 (1944).

Considering the language selected by appellant for insertion in the policy in connection with the plan of issuance, it is clear that one of the inducements to secure subscriptions from the readily available market of depositors was the promise of restricted non-renewal. To make its policy more enticing, which it had the right to do, appellant, by the choice of language in which appellees had no voice, restricted its right to non-renew the selected area policies (in this case, Lynn County) only if it determined to non-renew all policies of the same class issued in the same state (in this case, the State of Texas). Where, as here, there is no difficulty in making the language free from doubt, it is presumed the language employed was chosen so the insured would clearly understand the limitation. Approached from this perspective, appellant contractually restricted itself as determined by the trial court.

■■■ The trial court's temporary injunction was proper when considered from the correlative construction principle that where the language of the policy is susceptible of more than one construction, the meaning should be given which is favorable to the insured. National Security Life & Cas. Co. v. Davis, 152 Tex. 316, 257 S.W.2d 943 (1953). Here, two interpretations have been placed upon the language of the policy—one favorable to the insureds and one favorable to the insurer.

Appellant could have prevented the necessity of this strict construction, or indeed any construction at all, by stating the terms so distinctly as to make the meaning so clear that no room is left for doubt and construction, and having failed to do so, is responsible for any ambiguities found therein.

Under either principle of construction, appellees have established from the undisputed facts all of the elements demonstrating a probable injury and a probable right to the permanent injunction after a final hearing, and appellees were entitled to the temporary injunction granted by the trial court. Appellant's second contention is overruled.

The order of the trial court is affirmed.