**386**

**PERRYTON FEEDERS, INC., Appellant,**

v.

**Glenn FELDMANN, et ux., Appellees.**

**No. 8313.**

Court of Civil Appeals of Texas,
Amarillo.

June 30, 1972.

Rehearing Denied July 31, 1972.

Lemon, Close, Atkinson & Shearer, R. D. Lemon, Perryton, for appellant.

Lumpkin, Watson, Smith & Barras, Don H. Reavis, Amarillo, for appellees.

REYNOLDS, Justice.

Denial of a temporary injunction motivated this appeal. Affirmed.

Appellant Perryton Feeders, Inc., instituted suit against appellees Glenn Feldmann and his wife by the asserted conclusion of, without recitation of facts giving rise to, unliquidated claims in excess of $10,000.00 against appellees and the legal entities in which they were alleged to be involved. Shortly thereafter, an application, alleging the unliquidated claims would be in excess of $100,000.00 on claims to be asserted, was made for a temporary restraining order and a temporary injunction to compel appellees to deliver certain funds aggregating some $40,000.00 they were to obtain from the dissolution of a Kansas corporation to the registry of the court, and to restrain disposition of any of the Feldmann's property, so that the property would be amenable to the process of the court to satisfy any judgment ultimately secured by appellant. A temporary restraining order was issued without notice, enjoining and restraining Feldman, his wife and any others acting in concert with them from placing their property beyond the process of the court and effectively causing three checks totalling $40,237.80 coming into appellees' possession from the Kansas corporation to be placed in the registry of the court. Appellees specifically denied appellant had pleaded a right to either a temporary restraining order or a temporary injunction and generally denied liability on the suit.

With the pleadings cast in these molds, the court held a hearing, in two sessions some ten days apart, on the issue of appellant's entitlement to the temporary injunction sought. At the hearing, appellant proceeded upon the testimony of Feldmann and two other witnesses and the introduc-

tion of exhibits. Feldmann admitted an unpaid judgment secured against him in Colorado for approximately $90,000.00 and that he had no credit so the family assets were in his wife's name, but except for some few admissions bearing upon, but not establishing as a matter of ·law, the anticipated cause of action indicated by appellant's inquiries to arise from Feldmann's conduct while he was co-manager of appellant's feedlot, Feldmann's testimony was contrary to appellant's expectations of admissions. Feldmann also gave testimony diametrically opposed to that elicited from the other two witnesses on the matter about which each testified. It was Feldmann's testimony that the money impounded under the temporary restraining order was the separate property of his wife accumulated in Kansas and that it was required to pay named creditors for established claims. At appellees' request, the trial court judicially noticed that Kansas is not a community property state.

At the conclusion of the hearing, the trial judge communicated to counsel in writing his view that he found no authority that would authorize the issuance of a temporary injunction upon the allegations then made by appellant; counsel for appellees was requested to prepare an appropriate order; the temporary restraining order was altered to permit Feldmann to pursue his ordinary legitimate business practice; counsel for appellant was given the right to file a motion, supported by authorities, for a review of the court's holding; and the court fixed a time in which a determination would be made whether or not to enter the order requested to be prepared. Appellant then filed its first amended original petition, alleging specific acts of misconduct and mismanagement by Feldmann while employed as co-manager of appellant's feedlot, and seeking recovery of $206,000.00 damages from appellees, the establishing of an equitable lien on all of appellees' property, the voiding of any transfers of property made by appellees since the date of Feldmann's employment by appellant, the restraint from transfer or dis-

position of any property, including the money held in the registry of the court, and to compel delivery of certain designated personal property to the registry of the court. The record does not reflect that this pleading or a motion to reopen was presented to the trial judge.

At the appointed time, the trial court entered the challenged order which dissolved the temporary restraining order and denied the temporary injunction, decreeing that the funds held in the registry of the court were to be paid to appellees. Upon being notified of this appeal, the trial judge ordered distribution of the funds suspended during the appeal. This appeal was advanced for submission on motion. Vernon's Ann.Civ.St. art. 4662.

Appellees submit that the refusal of the temporary injunction is affirmable at least under the invariable rule in Texas and elsewhere that injunction will not lie—and, indeed, in the absence of a statutory sanction, the court is without authority—to impound assets for contingent application to an unsecured, unliquidated claim not yet reduced to judgment. See Garland v. Shepherd, 445 S.W.2d 602 (Tex.Civ.App.—Dallas 1969, no writ), and the plethora of precedential pronouncements cited therein. Appellant insists that this general rule has been abrogated by Vernon's Annotated Texas Business and Commerce Code, and particularly § 24.02 thereof, as construed by our Supreme Court in Hollins v. Rapid Transit Lines, Inc., 440 S.W.2d 57 (Tex. Sup.1969), which establishes its right to the temporary injunction. We do not ascribe to that decision the determinative applicability appellant would attach to the facts of the matter at bar. There, in addition to the unliquidated claim for personal injuries, the plaintiffs sought to set aside an alleged fraudulent conveyance of substantially all of one of the defendant's assets. The decision was that § 24.02 of the statutory authority allows a tort claimant to maintain an action to set aside an alleged fraudulent conveyance although the claim asserted had not been reduced by

judgment to a definite amount. The decision was addressed to the right to maintain an action to void transfers allegedly made with the intent to delay, hinder or defraud any person with an unliquidated claim and not to the right to impound by injunction assets for speculative application to an unliquidated claim. Noteworthy is this language from the opinion:

". . . Obviously, a suit to enjoin the sale of property involves a multitude of problems which do not have to be considered in a suit to have a conveyance declared void only as to a creditor."

*Hollins* referred to the rule relied upon by appellees, but did not overrule it and held only that the case that applied the rule did not pass on the question then before the Supreme Court. We have found no case that departs from or changes the rule with respect to injunctions as announced in Garland v. Shepherd, supra. Be that as it may, the order of the trial court did not restrict appellant's right to maintain its action to set aside any transfers made by appellees that are alleged to be fraudulent, and that action is now pending in the trial court, but the order only denied appellant's entitlement to impound all of appellees' assets, and it is the propriety of this ruling that is before us.

▪ Well established legal guidelines inhibit the range of appellate examination of the record before us. In determining whether to grant or deny a temporary injunction, the trial judge is endowed with broad discretion, Railroad Commission v. Shell Oil Co., 146 Tex. 286, 206 S.W.2d 235 (1947), among which is a consideration of balancing the equities between the parties. See 31 Tex.Jur.2d Injunctions § 41. Accordingly, the scope of appellate review of the trial judge's determination is limited to the narrow question of whether the action of the trial judge constitutes a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952). Irrespective of the appellate court's perception, the review of the discretion exercised does not authorize the appellate court to substitute its own determination, and the order of the trial court will be reversed only when a clear abuse of discretion is shown. Repka v. American Nat. Ins. Co., 143 Tex. 542, 186 S.W.2d 977 (1945). Where the evidence upon which the trial judge acted is conflicting, the order will not be reversed if it has support in the evidence. 31 Tex.Jr.2d Injunctions § 224.

▪ Without further particularizing the evidence, all of which has been read and considered with care, we find the evidence, albeit conflicting, to fully support the trial court's denial of the temporary injunction, the asserted right to which was positioned only on conclusional pleadings then before the court. Under the legal principles announced above and binding on this court, the order of denial will not be disturbed, particularly so since there is no demonstration that the trial judge clearly abused his discretion in denying the temporary injunction. See Corbett v. Sweeney, 151 S.W. 858 (Tex.Civ.App.—Galveston 1912, writ ref'd); 31 Tex.Jur.2d Injunctions § 224.

The order of the trial court is affirmed.