Benny R. SHORT, Appellant,

v.

J. E. MAISEN et al., Appellees.

No. 8370.

Court of Civil Appeals of Texas, Amarillo.

May 14, 1973.

against commercial enterprises. The complaint made is that the portion of the temporary injunction enjoining defendant from construction of the building exceeded the restricted free use of his property. We agree, and modify the trial court's injunction accordingly.

The Ridgeview Estates Addition to, but located outside the corporate limits of, the City of Lubbock, in Lubbock County, Texas, was developed as a residential area, and the dedication deed impressed and imposed upon the various tracts or lots thereof certain restrictive covenants running with the land. Generally, the restrictions declaring that "(t)hese tracts are for residential purposes only and no commercial enterprises of any kind are to be permitted," specify no more than one permanent residence on each tract and, permitting the keeping of a limited number of livestock and fowl on the premises, acknowledge that barns and outbuildings will constitute improvements made on the tracts. Except for restricting the houses to a minimum of 1000 square feet in area, the placing on the property of any building more than six years old, and the distances all structures must be located from the various property lines, the restrictions do not impose any limit on the type, kind or size of construction nor on the number of outbuildings. No right of reversion is reserved for restriction violations, but provision is made that the dedicators, their heirs or assigns, or any persons owning real estate in the addition, may enjoin any violation or any attempted violation of the restrictions or may seek damages for any such violation.

Anderson, Edwards & Warnick, J. Q. Warnick, Jr., Lubbock, for appellant.

Nelson, McCleskey, Harriger & Brazill, Jerry M. Kolander, Jr., Lubbock, for appellees.

REYNOLDS, Justice.

Defendant-appellant was temporarily enjoined both from construction of a building admittedly intended to be used for, and from engaging in, a commercial business on his premises designated residential and impressed with dedication deed restrictions

Defendant-appellant Benny R. Short purchased two tracts or lots in the addition. His house and two barns are located on one of the lots. On his premises, Short began construction of a steel frame building to be covered with steel siding, floored with cement, and screened by a six foot fence covered with sheet iron, with the avowed purpose of utilizing the building to conduct an automobile repair business. Upon being notified that this would be

considered a commercial enterprise prohibited by the restrictive covenants, Short continued with his plans. Plaintiff-appellees J. E. Maisen, one of the two original developers and dedicators of the addition, and T. D. Moore and J. L. Kubacak, owners of real property in the addition, then filed this suit to enforce the deed restrictions threatened to be violated. The initial object of the suit was a temporary injunction, and the final relief sought was a permanent injunction, each enjoining Short from continued construction of the building and from engaging in and maintaining any commercial enterprise of any kind upon his premises.

At the hearing on the plea for a temporary injunction, proof of the restrictions was made, and there is no contention that Short was not aware of such restrictions. Short testified that he intended, unless restrained, to complete the construction and to utilize the building as an automobile repair shop for an automobile repair business on the premises. If restrained from the commercial activity intended, Short's testimony was that he would use the completed building as a barn and storage facility for his own use. Following the hearing, the trial court issued its order ". . . enjoining BENNY R. SHORT, Defendant, from any and all construction on the building . . . and further, the Defendant is enjoined from engaging in any commercial enterprises or commercial activities upon the said premises; . . ." Short candidly states that he makes no complaint to his temporary enjoinment from engaging in any commercial enterprise or activities on his premises; but he contends, in the first point of error, that neither the pleadings of appellees nor the deed restrictions supports the temporary injunction against the construction of the building, and, in the second point of error, that the court failed to state, as a predicate for the construction injunction, a specific reason as required by Rule 683, Texas Rules of Civil Procedure.

■ Although valid, restrictive covenants restraining the free use of real property are not favored, Walker v. Dorris, 206 S.W.2d 620 (Tex.Civ.App., Fort Worth 1947, writ ref'd n. r. e.), and they must be construed strictly in favor of the free and uninterrupted use of the premises. Baker v. Henderson, 137 Tex. 266, 153 S.W.2d 465 (1941). Thus, the restrictive covenants must be considered and enforced as written, and they cannot be enlarged or changed by construction. Wald v. West MacGregor Protective Association, 332 S.W.2d 338 (Tex.Civ.App., Houston 1960, writ ref'd n. r. e.). So considered, the restrictive covenants, while enforceable against the prohibited commercial enterprise intended, do not, and may not be construed to, forbid the construction of an outbuilding on the premises.

■ Appellees argue that the temporary injunction against further construction was nevertheless authorized in order to preserve the status quo until a final hearing on the merits since Short intended to utilize the completed building in a violative use. Under the facts we do not find the argument cogent. The status quo is the last actual peaceable non-contested status of the parties to the controversy. Pendleton v. Crabtree, 214 S.W.2d 675 (Tex.Civ.App., Amarillo 1948, no writ). With respect to the building construction alone, the status quo is Short's right, absent any applicable building restriction, to the free and uninterrupted use of his premises for such construction. Any unauthorized restraint on that right does not preserve, but destroys the status quo.

In connection with the argument that the temporary injunction was proper, appellees rely on certain cases cited for the proposition that where a restrictive covenant breach is intended, construction may be properly enjoined, at least temporarily. It is not expedient to discuss each of these cases in detail; suffice it to state that a review of these cases, as well as others

independently researched, reveals that construction was properly enjoined only where there was either a specific restriction against the very construction undertaken or the intended construction could be used solely for a violative use. Neither situation exists in the present preliminary, and the injunction against construction was not authorized. Under this record, the temporary injunction against Short's intended engagement in a commercial enterprise or activities on his premises in violation of the restrictive covenants is the only relief to which appellees are entitled. Accordingly, the first point of error is sustained; the second point is not reached.

The trial court's order for a temporary injunction and the temporary injunction issued thereunder are modified by deleting therefrom the enjoining of the construction of the building. As modified, the trial court's order granting a temporary injunction is affirmed with a corresponding modification of the temporary injunction.