**CITY OF DUMAS, Texas, Appellant,**

v.

**Bill SHEEHAN, Appellee.**

**No. 8514.**

Court of Civil Appeals of Texas,
Amarillo.

Sept. 9, 1974.

Lovell, Lyle, Cobb & Renfer (William E. Minkley), Dumas, for appellant.

Bill Sheehan, Dumas, for appellee.

REYNOLDS, Justice.

Appellant City of Dumas, Texas, challenges the propriety of a temporary injunction secured by a resident citizen requiring it to temporarily cancel a building permit issued to, and to prevent any further construction thereunder by, the permittee. The city has not demonstrated that the trial judge clearly abused his broad discretion in granting the temporary injunction. Affirmed.

On June 3, 1974, appellant City of Dumas, Texas, pursuant to notice and hearing, rezoned a 1.63 acre tract of land lying within its corporate limits from the previous classification as an "A" zone, which is limited to single family residences, to an "E" zone, which embraces multi-family dwellings and certain offices, businesses and institutions. On June 13, appellee Bill Sheehan, owner of a home located in the "A" zone some 300 to 400 feet from the rezoned property, filed suit against the city to annul the rezoning action. The grounds alleged for annulment were that the prerequisite notice of the public hearing on the proposed zoning change was legally insufficient and that the zoning change amounted to illegal "spot zoning." The petition also sought injunctive relief against the issuance of a building permit, as well as cancellation of any previously issued building permit, that did not meet the "A"

zone requirements for construction on the rezoned land.

The city manager, acting as city secretary, with knowledge of the pending suit and after consulting with and acting on the advice of the city attorney, issued a building permit on June 17 to Powell Construction Company on behalf of Prado Development Company, owner of the rezoned property, for construction of an apartment building on the rezoned land. Construction commenced.

Thereafter on June 28, Sheehan applied for a temporary injunction to issue out of the main suit ordering the city to cancel the permit and to prevent further construction thereunder pending a hearing on the merits. The city moved for a dismissal of the petition for injunction, reciting, among other reasons, that neither the contractor Powell nor the landowner Prado was a party to the proceedings, although both have an interest in the permit. After a hearing, the trial judge denied the city's motion and ordered the issuance of a temporary injunction requiring the city to cancel the permit and to prevent any construction thereunder pending a hearing on the merits in the main suit. Following the issuance of the temporary injunction, the city perfected its appeal on five points of error asserting basically the same reasons upon which its dismissal motion was based.

Initially, the city contends that the failure to join the contractor and the landowner as necessary and indispensable parties to the injunctive proceeding deprived the court of authority to grant the temporary injunction. To support its contention, the city cites and relies on pre-1971 case law taking the historical and classical approach that persons having a joint interest are necessary and indispensable parties essential to the jurisdiction of the court to proceed to judgment.

However, effective January 1, 1971, Rule 39, Texas Rules of Civil Procedure, was amended to replace the historical and classical approach and to provide a new approach for resolving the question of joinder of parties. One of the aims of the rule as amended is to avoid questions of jurisdiction. Rather than concern with jurisdiction to proceed with a hearing, the emphasis is whether in equity and good conscience the trial court should proceed with those present or dismiss the action. Expressing the foregoing concepts of the amended rule, our Supreme Court then stated in Cooper v. Texas Gulf Industries, 17 Tex.Sup.Ct.J. 340, at page 343, 513 S.W.2d 200, at page 204 (1974):

"Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined."

The failure to join the contractor and the landowner in the temporary injunction proceedings does not take the court out of the scope of the amended rule and place it in that rare category of cases where the court is deprived of jurisdiction. The present proceedings are not to determine the main issue of the validity of the zoning change; they merely are preliminary proceedings taken in the immediacy of the circumstances to maintain the status quo until a hearing can be had on, and the interests of all parties can be resolved in the determination of, the main issue.[1]

In this connection, the city next submits that the court erroneously disturbed the status quo by ordering the injunction. It is the city's view that the tract had been rezoned, the permit had been issued and construction had commenced before citation was issued and served in the main suit. To halt construction, the city says, disturbs the status quo. The citation has not been included in the appellate record; nevertheless, the point is not well taken.

1. At submission of the appeal, which was advanced on motion pursuant to Vernon's Ann.Civ.St. art. 4662, it was revealed that the contractor and the landowner have become parties to the main suit.

■ The status quo is the last actual peaceable non-contested status of the parties to the controversy. Short v. Maisen, 494 S.W.2d 940 (Tex.Civ.App.—Amarillo 1973, no writ). The last actual peaceable non-contested status of the parties here was the position occupied prior to the issuance of the building permit. In ordering the temporary injunction, the court returned the parties to that status and thereby maintained the status quo.

■ By its final three points, the city attacks the temporary injunction on contentions that Sheehan failed to sustain his burden to show that the city acted improperly or that he has been damaged without a legal remedy therefor at law. In considering these points, as well as the two preceding points, our review is limited to the narrow question of whether the trial judge's action constitutes a clear abuse of the broad discretion with which he is endowed in granting or denying a temporary injunction. Perryton Feeders, Inc. v. Feldmann, 483 S.W.2d 386 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.).

■■ The issuance of a temporary injunction to maintain the status quo is not an abuse of discretion where the applicant shows a probable injury and a probable right of recovery. American National Ins. Co. v. Wilson State Bank, 480 S.W.2d 296 (Tex.Civ.App.—Amarillo 1972, no writ). In the record we review, there is support for the findings that the value of Sheehan's property will be adversely affected if the apartment building is constructed and that, in his main suit, Sheehan has a probable right of recovery by overturning the rezoning action of the city.

Under the controlling legal principles, the city has not demonstrated by the circumstances shown that there was a clear abuse of the discretion entrusted to the trial judge. Accordingly, the city's five points of error are overruled.

The judgment is affirmed.