**ALLIED BANK OF TEXAS, Appellant,**

v.

**Gus PREISSMAN et al., Appellees.**

**No. 15508.**

Court of Civil Appeals of Texas, San Antonio.

Jan. 21, 1976.

Rehearing Denied Feb. 11, 1976.

Nancy B. Hogan, Butler, Binion, Rice, Cook & Knapp, Houston, for appellant.

John C. Oliver, Oliver & Oliver, James R. Warncke, Collins B. Cook, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, Bank, has perfected its appeal from a temporary injunction granted appellees, Gus Preissman and wife, Thelma Preissman, Ben Katz, John Oliver, and James R. Warncke, prohibiting appellant from foreclosing under its first-lien deed of trust on certain land during the pendency of the main cause of action. This is the third interlocutory appeal of this cause and reference is made to our two prior opinions for a full statement of the background of this controversy. See *Preissman v. Continental-Bank of Texas*, 524 S.W.2d 579 (Tex. Civ.App.—San Antonio 1975, writ dism'd); *Preissman v. Allied Bank of Texas*, 525 S.W.2d 265 (Tex.Civ.App.—San Antonio 1975, no writ).

The suit was originally filed in Bexar County by appellees against Salado Creek Development Company, Moses Muzquiz, W. G. Horne, and Continental-Bank of Texas (now the Allied Bank of Texas). Appellees sought to foreclose on a promissory note executed by Horne on December 21, 1973, which was assumed by Salado Company and Muzquiz on December 26, 1973. Appellees further sought to set aside a subordination agreement entered into by them with Horne whereby their lien and deed of trust was subordinated to enable Horne to secure a loan from a bank. On January 4, 1974, Horne borrowed $1,500,000.00 from Bank and secured the note evidencing the loan with a first-lien deed of trust as authorized by the subordination agreement. Appellees alleged that the subordination agreement was executed by them because of fraudulent representations made to them by Horne or by Muzquiz, or both, regarding the financial status of Muzquiz and the use to be made by Horne of the money to be borrowed from a bank. Appellees sought to recover damages for this alleged fraud in the event the subordination agreement is not set aside. Appellees did not charge Bank with any act of fraud or with any prior knowledge of the allegedly false representations by Horne or Muzquiz.

Bank's plea of privilege was sustained in a prior hearing by the trial court and the suit as to Bank was ordered transferred to the District Court of Harris County. This order was affirmed by us and the Supreme Court has dismissed the application for writ of error. While this appeal was pending, the note given the Bank became in default and Bank posted notice of its intention to foreclose on its first-lien deed of trust. Before the sale could be had, appellees sought and secured this temporary injunction prohibiting such sale. The trial court found, after a non-jury hearing, that appellees' application for temporary injunction should be granted to preserve the subject matter of the suit and prevent irreparable injury to appellees. Appellees posted a bond in the amount of $25,000.00 as ordered by the trial court.

■ The trial court is authorized to issue a temporary injunction to maintain the status quo during the pendency of the suit *where the applicant shows a probable right to permanent relief and a probable injury.* *Manning v. Wieser,* 474 S.W.2d 448 (Tex. 1971); *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953); *City of Dumas v. Sheehan,* 514 S.W.2d 819 (Tex.Civ.App.—Amarillo 1974, no writ).

Bank urges that the trial court abused its discretion in granting this temporary injunction in that appellees had an adequate remedy at law as Bank and Horne are both able to respond fully to the money damages sought by appellees should Bank's foreclosure be wrongful. Bank also complains that appellees have not shown a probable right to permanent relief against it in that there is no claim by appellees of any wrongdoing on the part of Bank. Finally, it is urged that the bond of $25,000.00 is grossly inadequate to indemnify Bank for its damages by being temporarily denied its right of foreclosure.

■ The evidence is largely uncontradicted at this point. Appellees concede that they entered into the subordination agreement with Horne for the express purpose of permitting Horne to obtain a bank loan of $1,500,000.00 and to permit Horne to give a first-lien deed of trust as security for such loan. It is uncontradicted that a bank is not authorized under Texas law to make a loan on real estate unless such loan is secured by a first-lien. As heretofore pointed out, there is no pleading or even contention at this point by appellees that Bank had any part in the allegedly fraudulent representations by Horne or Muzquiz which induced appellees to enter into the subordination agreement. Thus, there is no basis for setting aside Bank's first-lien deed of trust.

The note given the bank is in default and Bank is now entitled to foreclose on its valid first-lien deed of trust. It is settled law that the right of the first-lien holder to foreclose is not affected by the objections of the second-lien holder. *Lincoln Nat. Life Ins. Co. v. Freudenstein,* 87 S.W.2d 810 (Tex.Civ.App.—San Antonio 1935, no writ); *Dellinger v. Gulf Production Co.,* 215 S.W. 360 (Tex.Civ.App.—Beaumont 1919, writ ref'd).

The sum of $1,100,000.00 is now owed on Bank's note, but appellees have alleged that the amount of the note that the Bank is entitled to secure under the deed of trust is uncertain and should be determined before a foreclosure sale is held. It is seen that appellees have an adequate remedy at law in that Bank is able to respond for any damages to appellees should there be any irregularities whatsoever in the foreclosure sale. Appellees have filed a lis pendens notice and any purchaser at Bank's foreclosure sale will take subject to the rights, if any, of appellees.

There is no evidence in the record before us to support a finding by the trial court that appellees have shown a probable right to permanent relief against Bank or that irreparable harm will result if Bank is not prohibited from holding its foreclosure sale pending the trial on the merits. Therefore, the trial court erred in granting the temporary injunction prohibiting Bank from exer-

cising its right to foreclose its first-lien deed of trust.

The temporary injunction granted by the trial court is dissolved.