**Chester R. MORRIS, Appellant,**

v.

**Arno NOWOTNY, Appellee.**

**No. 11358.**

Court of Civil Appeals of Texas.

Austin.

Jan. 26, 1966.

Rehearing Denied Feb. 2, 1966.

Chester R. Morris, Austin, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., J. C. Davis, Pat Bailey, Asst. Attys. Gen., Austin, for appellee.

ARCHER, Chief Justice.

The appellant, Chester R. Morris, on the 8th day of March, 1965 filed this suit seeking damages from the appellee, Arno Nowotny, a former Dean of Student Life at the University of Texas, for allegedly willfully and intentionally testifying falsely and incorrectly on February 27, 1963 in a cause pending in the 98th District Court.

Appellee filed a Motion for Summary Judgment in addition to other pleadings, and appellant filed his reply and also a Motion for a Summary Judgment, to which appellee filed a reply.

A hearing was held upon appellee's Motion for Summary Judgment and such Motion was granted. The Motion for Summary Judgment of appellant was heard and denied.

This appeal is from the granting of appellee's Motion and error is assigned to the denial of appellant's Motion.

The basis for appellee's Motion for Summary Judgment was that appellant's pleadings failed to allege a cause of action against appellee upon which a claim for money damages could be predicated, and

that such pleadings showed upon their face that any cause of action which appellant might have had against appellee by virtue of his testimony in the 98th District Court of Travis County on February 27, 1963 was barred by limitations.

Appellant brought this suit based entirely on allegations that appellee had willfully and intentionally testified falsely and incorrectly in a court proceeding in which appellant and appellee were parties.

We believe that the case of Morris v. Taylor, Tex.Civ.App., 353 S.W.2d 956, er. ref., n. r. e., cert. denied in U. S. Supreme Court, 371 US. 842, 83 S.Ct. 71, 9 L.Ed.2d 78, is determinative of this instant proceeding, and that the trial court was correct in sustaining appellee's Motion for Summary Judgment, and there exists no statutory enactment in Texas which authorizes such a cause of action.

There is nothing in the record, other than the unsupported and conclusory allegations in appellant's pleadings to show or evidence the facts that the testimony of appellee, even if erroneous, was given through malice or bad faith.

There exists no genuine issue as to a material fact.

In Morris v. Taylor, supra, it was held:

" * * * there was no genuine issue of material fact and no cause of action being properly alleged under the pleadings in favor of appellant for damages for either malicious prosecution caused by appellee or which resulted from alleged false testimony given by appellee in a judicial proceeding, the Trial Court properly granted appellee's motion for summary judgment against appellant * * *."

The court did not err in denying appellant's Motion for Summary Judgment.

Appellant's Motion alleges that the appellee:

" * * * gave said testimony under oath, knowing the same to be false and defendant intentionally gave incorrect answers to questions propounded to defendant by plaintiff."

Appellee's controverting affidavit contained a denial that he had knowingly or intentionally given any incorrect answers to questions propounded to him in the cause on the 27th day of February 1963. Appellee further set forth that he had not examined, in many years, the records he was being questioned about and that if there were any discrepancy between what appellee testified and what was actually in the records such discrepancy was due solely to his lack of memory as to what said records contained rather than that he was knowingly and intentionally giving incorrect answers.

As stated in Morris v. Taylor, supra:

"In a summary judgment proceeding the burden is upon the movant to prove clearly his right to summary judgment as a matter of law. Tigner v. First National Bank of Angleton, 153 Tex. 69, 264 S.W.2d 85. All doubt as to the existence of a genuine issue as to a material fact must be resolved against the movant and the Court accepts as true all evidence of the opposing party which tends to support his contention. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931."

Since we believe that appellant failed to allege a cause of action for which he can recover money damages, he is not entitled to judgment as a matter of law. It is unnecessary to pass on the question of limitations.

The judgment of the trial court is affirmed.

Affirmed.