Deborah LEIGH, Appellant,

v.

George V.C. PARKER, Appellee.

No. 3–87–037–CV.

Court of Appeals of Texas, Austin.

Nov. 4, 1987.

Rehearing Denied Dec. 2, 1987.

**102**

James R. (Ron) Weddington, Friedman, Weddington, Hansen & Fisher, Austin, for appellant.

Richard Tulk, Tulk & Deaderick, Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Appellant, Deborah Leigh, sued her psychologist, appellee George V.C. Parker, in the district court of Travis County claiming, in general, that Parker revealed confidential matters without her consent. After a jury trial, the district court rendered judgment that Leigh take nothing. This Court will affirm the judgment.

The facts underlying Leigh's cause of action may be summarized as follows. In 1981 and early 1982, Leigh's marriage with Bill Keese was deteriorating. The couple was unable to agree concerning the managing conservatorship of their five year old daughter. In preparation for a contested hearing, Leigh and her counsel employed Parker for a psychological evaluation concerning her ability to provide "high-quality parenting" for the child. After pre-trial discovery, Keese's counsel learned that Leigh was being examined by Parker. Keese and his counsel then employed Parker for a psychological evaluation of Keese's fitness as a parent.

Judge Hume Cofer set a hearing for May 14, 1982, on temporary orders in the divorce suit, including temporary conservatorship. On May 3, 1982, Judge Cofer conducted a pre-trial proceeding. The matter in the pre-trial proceeding which is here relevant was Judge Cofer's disposition of Leigh's motion in limine. By her motion, Leigh sought an order from the court prohibiting Parker from testifying concerning any communications between Parker and her and from testifying concerning her psychological evaluation. Judge Cofer overruled Leigh's motion. On May 14, 1982, at the hearing on the temporary orders, Judge Cofer directed Parker to testify.

After hearing, Judge Cofer appointed the father temporary managing conservator. The district court appointed the father permanent managing conservator after trial on the merits.

Leigh filed suit against Parker on May 11, 1984. By her suit, Leigh claimed that Parker, in conferring with Keese's counsel and in testifying at the hearing on the temporary orders, (1) violated the common-law privilege of confidentiality and (2) vio-

lated the privilege created by Tex.Rev.Civ. Stat.Ann. art. 5561h (repealed). Leigh pleaded that the violation of such professional confidences proximately caused the appointment of her former husband as temporary and permanent conservator which, in turn, caused her to incur special damages and to suffer severe mental distress.

By answer, Parker pleaded, among other things, that the complained-of communications were made in the course of a judicial proceeding and hence were absolutely privileged; that he had no common-law duty to maintain the confidences of his patient; that Leigh was asserting the privilege created by art. 5561h "offensively and impermissibly"; and that any claim for violation of confidential communications occurring before May 11, 1982 was barred by limitations.

The district court granted Parker's motion for partial summary judgment that Leigh take nothing based upon the claimed common-law privilege of confidentiality. Leigh does not here complain of the elimination of the cause based upon the claimed common-law privilege of confidentiality.

Without objection, the district court eliminated the limitations problem from the suit by submitting special issues inquiring of Parker's actions which occurred on or after May 11, 1982.

In response to the special issues, the jury found, among other things, that Parker's revelation of confidential matters to Judge Cofer at the hearing on the temporary orders was a proximate cause of Leigh's loss of the temporary and permanent conservatorship of the child. The jury also concluded that Parker's disclosure of confidential matters to Keese's attorney or to Judge Cofer on or after May 11, 1982, was a proximate cause of special damages and the mental anguish which Leigh suffered.

After both parties had filed motions for judgment, the district court rendered judgment that Leigh take nothing.

Leigh insists that the district court should have rendered judgment for her based upon art. 5561h and the jury's findings. Article 5561h, in general, forbade disclosure of communications between a patient and one licensed in the diagnosis, evaluation, or treatment of mental or emotional conditions.[1] By its terms, art. 5561h provided for a cause of action in tort for damages for violations of the statute.

In defense of the take-nothing judgment, Parker points out that any communications with Keese's attorney, here under consideration, as well as his in-court testimony, came about only *after* Judge Cofer ruled that Parker should testify in the temporary hearings. Accordingly, Parker asserts that such communications were made in the course of a judicial proceeding and were absolutely privileged. Parker adds that art. 5561h did not abrogate this privilege.

■ It is recognized that communications made in the course of a judicial proceeding will not serve as basis for a suit in tort. *James v. Brown*, 637 S.W.2d 914 (Tex.1982).[2] The privilege extends to a witness giving testimony in judicial proceedings, *James v. Brown, supra,* whether he is testifying voluntarily or as a result of process. 2 Harper, James & Gray, *Law of Torts*, (1986) § 5.22. The witness is protected against liability for statements made at trial on the merits or in preliminary hearings. *James v. Brown, supra.*

■ Leigh urges that art. 5561h conferred upon her a cause of action for damages against one who violated its terms and that such cause must be recognized as superior to the common-law doctrine of privilege. This Court does not agree. One's action is "privileged" if it furthers a policy interest of such importance that one is entitled to protection even at the expense of damage to another. *See* Prosser & Keeton, *Law of Torts* (1984) § 16. The administration of justice requires full and free disclosures from witnesses unhampered by

---

1. Insofar as art. 5561h related to civil actions, it was repealed effective September 1, 1983. *See* Tex.R.Evidence 510.

2. Most of the opinions involve the assertion of the privilege in suits for libel or slander.

fear of retaliatory lawsuits. *James v. Brown, supra.*

The primary purpose of the pre-trial hearing was to determine whether Parker was to testify at the hearing on temporary managing conservatorship. The effect of the court's ruling at the pre-trial hearing was that the district court would receive Parker's testimony. This Court has no difficulty in concluding that Parker is protected against liability for disclosures made in testimony in the hearing on temporary managing conservatorship. *James v. Brown, supra.*

There is some evidence that on or after May 11, 1982, Parker and Keese's attorney conferred concerning Parker's evaluation of Leigh. On May 3, 1982, Judge Cofer had overruled Leigh's effort to prevent Parker from testifying in the upcoming hearing on temporary orders. As of that date it appeared relatively certain that Parker would be a witness in the temporary hearing and Keese's counsel apparently took steps to ascertain the tenor of Parker's forthcoming testimony. Counsel's action was consistent with the policy of full and free disclosure. In view of the district court's pre-trial ruling, this Court is of the opinion that the privilege attached and that Parker was protected from liability pursuant to art. 5561h for conversations with Keese's attorney which occurred subsequent to that ruling. 2 Harper, James & Gray, Law of Torts (1986) § 5.22.

This judgment is affirmed.