Ann M. BLACKWELL, Appellant,

v.

Harold G. DAVIS, Appellee.

No. 09–93–320 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 22, 1994.

Decided April 28, 1994.

Kerwin B. Stone, Moore, Landrey, Garth & Jones, Beaumont, for appellant.

Carl A. Parker, Port Arthur, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a summary judgment case. Ann M. Blackwell filed a petition for damages and injunction seeking recovery of damages and injunctive relief against Harold G. Davis, alleging defamatory and libelous statements made by Davis about Blackwell.

Blackwell complains of statements made by Davis in two written reports. Blackwell acknowledges the two reports were made by Davis in the course of or in relation to judicial proceedings. The first point of error attacks the granting of the summary judgment on the cause of action for damages. The second point addresses the denial of the injunctive relief.

■ To sustain Blackwell's first point, we would have to reverse a complete body of Texas law. Communications in the course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made. *Reagan v. Guardian Life Ins. Co.,* 140 Tex. 105, 166 S.W.2d 909 (1942). This privilege extends to any statements made by witnesses and attaches to all aspects of the proceeding, including affidavits and any of the pleadings or other papers of the case. *James v. Brown,* 637 S.W.2d 914, 917 (Tex.1982). Even perjured testimony [1] is privileged and cannot form the basis for civil liability. *Morris v. Nowotny,* 398 S.W.2d 661 (Tex.Civ.App.—Austin 1966, writ ref'd n.r.e.). The rule applies to the opinion of expert witnesses. *Clark v. Grigson,* 579 S.W.2d 263, 265 (Tex.Civ.App.—Dallas 1979, writ ref'd

---

1. No inference is made that Davis' statements were perjured. This merely points out the extent of the privilege.

n.r.e.). The sole authority cited by Blackwell is *Frank B. Hall & Co., Inc. v. Buck,* 678 S.W.2d 612 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), *cert. denied* 472 U.S. 1009, 105 S.Ct. 2704, 86 L.Ed.2d 720 (1985). This case does not involve statements made in connection with a judicial proceeding, thus it is clearly not on point or applicable. Point of error number one is overruled.

■ Likewise, we overrule point of error two. Blackwell argues she should have been granted an injunction against Davis prohibiting him from making statements damaging to her business reputation. Blackwell's sole authority is *Garland v. Shepherd,* 445 S.W.2d 602, 604 (Tex.Civ.App.—Dallas 1969, no writ). This case simply states the general law of Texas as it relates to the principals of equity and injunctive relief. Blackwell cites TEX.BUS. & COM.CODE ANN. § 16.29 (Vernon Supp.1994), as authority to bring an action to enjoin an act likely to injure a business reputation. We find no case applying this to the prior restraint of speech and certainly not to the prior restraint of privileged speech. We decline to do so.

The summary judgment is affirmed.

AFFIRMED.

BROOKSHIRE, Justice, dissenting.

This is an appeal from the granting of a summary judgment. This litigation was initiated by the plaintiff, now appellant, Ann M. Blackwell. Blackwell sought relief against the defendant appellee, Harold G. Davis, including the seeking of damages as well as injunctive relief. Blackwell's cause of action was based allegedly (and supported by some summary judgment proof) upon appellee's malicious publication of false and defamatory statements about the appellant. The appellant argues that such publications and statements were libelous and slanderous and damaged, inter alia, the appellant's business and personal reputation. Additionally, appellant pleads that the appellee, Harold G. Davis, *continues to make* such false and defamatory statements. Thus injunctive relief is sought.

Appellee, Davis, contends that all of the said communications in questions were made in the course of an actual judicial proceeding and thus enjoy an absolute privilege. But Davis himself makes no affidavit. The district bench below entered a summary judgment in favor of Davis against all appellant's claims and theories of recovery.

The appellant presents and briefs two points of error. These points of error basically point out that the trial court erred in granting the summary judgment to the appellee on the appellant's several causes of action, disallowing appellant's cause of action for recovery of damages. Also the trial court erred, the appellant argues, in granting summary judgment relief to the appellee on the appellant's cause of action for injunctive relief. At the threshold, I think, no proper proof exists that Davis' current alleged statements are in the course of a or any judicial proceeding. Davis has not so sworn.

Blackwell's original petition alleged that Ann Blackwell was and is a construction contractor, duly licensed and that Ms. Blackwell had preformed and completed construction on United States Environmental Protection Agency projects and also on United State Department of Energy projects. Blackwell averred that she had extensive experience in such construction projects as well as construction management and job supervision.

She had also acted as an independent construction consultant. She had qualified as an expert witness in various construction related litigations. These areas of litigation included estimating project delays, project disruptions, production losses, and underground utility construction. She had also qualified as an expert on job site safety. Blackwell set forth in her pleadings that she had attained professional credentials and an excellent reputation. Her resume was attached as an Exhibit A and incorporated by reference into her original petition. Her resume contains considerable details as to her accomplishments.

The record reflects that Mr. Davis had written a letter to an attorney in which Davis

stated that he was a safety expert and that he had investigated two industrial deaths of certain workers-employees. In one death case, Davis had written that one employee, a son of a certain foreman, had met his death in a trench cave in. Davis stated that Ms. Blackwell had refused to supply a trench box. Another death occurred involving a crane accident. Davis wrote that Ms. Blackwell had mislead OSHA and one of its investigators by indicating that the deceased person had died of a heart attack.

Ms. Blackwell countered that these writings of Davis were false. Ms. Blackwell argued that these statements were libelous, per se, because the statements definitely had the inherent characteristic of injuring plaintiff Blackwell in her profession as a construction contractor. Blackwell affirmatively stated that the defendant's statements were "entirely false". She denied that she had a subcontract relation with the foreman and she denied that she had ever received a request to use or furnish a trench box. She denied that she refused to supply a trench box.

Blackwell unequivocally denied that she had ever attempted to mislead the OSHA investigator in the crane incident. Importantly, Ms. Blackwell asserted that the *statements made by Davis were made in bad faith and were made with malice. Blackwell also took the position unequivocally that the statements made by Davis were false statements and were made with utter recklessness and that this utter recklessness was of such a character to indicate a disregard for the consequences and to indicate a conscious indifference to the rights of Blackwell.* I think these denials by Blackwell were adequate proof to raise genuine issues of material fact. The rule is our Court must take the non-movant's proof as being true. We have no real choice.

Furthermore, Blackwell maintained harm and damage had resulted to her and will continue to result unless the district court intervened by the issuance of a writ of injunction. Blackwell asserted that she had no adequate remedy at law and that her damages are large. Indeed her damages are so large that they are incalculable.

Inter alia, Blackwell sought injunctive relief authorized by statute, citing TEX.BUS. & COM.CODE ANN. § 16.29 (Vernon Supp.1994). Again, appellee offers no conclusive proof that each and all of his statements are connected to judicial proceedings. Indeed, Davis himself swears to nothing. Davis, the movant, has not proved he is entitled to judgment as a matter of law.

The record also reflects that the defendant, Harold G. Davis, was scheduled to appear by a notice duly given in this cause to give his deposition. There is a court reporter's certificate of non-appearance. That certificate unequivocally declares that Harold G. Davis, although scheduled to appear by proper notice duly given, did not appear for his deposition.

A second notice to take the deposition of Harold G. Davis was filed. This was a notice of deposition with a subpoena duces tecum. However, an order was entered by the trial court that the plaintiff would not be allowed to take the defendant's deposition. But, the order further provided that the plaintiff may recite facts which she believes could be elicited in a deposition of the defendant, which facts would support and require the denial of a summary judgment in favor of Davis. This order and its wording are unusual. I think under that unique order, Blackwell's affidavit defeated Davis' motion.

### The Motion to Quash

The motion to quash the deposition of Davis is based on the fact that the deposition of Davis had been noticed for September 21, 1993. The defendant Davis had filed a motion for summary judgment on September 8, 1993, but the earliest possible date to actually have the hearing on the defendant's motion for summary judgment was admitted in the defendant's motion to quash to be at 9:45 a.m. *on October 18, 1993.* The motion to quash the deposition also *stated that the case was not set for trial and the request was that*

*the defendant* wanted the deposition, which was presently set for September 21, 1993, be quashed *until after the hearing had been conducted on the defendant's motion for summary judgment which was set for October 18, 1993.* The defendant's deposition was never taken although ample time existed.

The defendant Davis' motion was not verified by him. Rule 166a entitled "Summary Judgment" and subdivision (c) entitled "Motion and Proceedings Thereon" provides that the judgment shall be rendered forthwith if *(i) the deposition transcripts,* interrogatory answers, and other discovery responses referenced or set forth in the motion or the response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties and authenticated or certified public records, show that, except for the amount of damages, there is no genuine issue as to any material fact *and that the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion* properly based on the movant's basic pleading. Rule 166a(c)(ii).

Certainly Rule 166a(c) anticipates a reasonable opportunity or obligation to take the depositions of the protagonists. This was not done in this case but the record reflects that there was reasonable, ample time to take the deposition of the defendant Davis. The setting of a hearing on the summary motion, I think, is not a valid basis for quashing a most important deposition.

The record also reflects that the plaintiff Blackwell made a correct response to the defendant's motion for summary judgment. Blackwell placed in the record summary proof that the statements and "lies" of the defendant were not connected to judicial proceeding. This alone defeats the summary judgment.

It is also significant and important that the defendant took the unequivocal position that he relied upon the pleadings on file in the case. Among the pleadings in the case is a certain motion wherein Harold G. Davis pleaded that the plaintiff herein, Ann M. Blackwell, did file a motion for summary judgment. That is clearly an error. Indeed, Davis' motion in Paragraph IV reads as follows: "Plaintiff respectfully requests that the deposition presently set for September 21, 1993, be quashed until after the hearing is had on Plaintiff's Motion for Summary Judgment which is set for October 18, 1993." This is simply not accurate.

Concerning the defeated, untaken deposition of the defendant, it is interesting to note that there was a notice to take the deposition very timely on March 9. However, in a telephone conversation with the office of the defendant's counsel the plaintiff and plaintiff's counsel were advised by the defendant that March 9, was simply not "convenient". But then a new date of March 19 was expressly agreed upon by both parties to take the deposition of the defendant. But it was never taken.

However, the date of March 19, although an agreed date, was not observed. *There was also an agreement for the postponement of discovery until 30 days after the end of the legislative session.*

On July 26, the plaintiff received the defendant's motion for summary judgment. In early August the record reflects that the plaintiff's counsel wrote to the defendant's counsel asking for dates during the following two or three week period of times when it would be convenient for the plaintiff to take the defendant's deposition. Then, according to the record, both counsel agreed to take the deposition on September 21. This date was alleged to have been expressly agreed upon. But then the plaintiff received a notice on September 8 that there had been scheduled a hearing on the plaintiff's motion for summary judgment for October 18.

The deposition was never taken and the hearing on the motion for summary judgment was not postponed. The defendant again did not appear at the scheduled time for the deposition.

Although pleadings are not considered summary judgment proof, the pleadings do set the parameters and define the issues

involved. The motion for summary judgment was predicated upon the affirmative defense of privilege. However, the defendant's timely answer fails to set forth such an affirmative defense of privilege. *See Roark v. Stallworth Oil and Gas, Inc.,* 813 S.W.2d 492 (Tex.1991). Importantly and of paramount significance is the fact that the non-movant made a full response and the same was accompanied by an affidavit. Under well established decisional precedents, we must take the non-movant's summary judgment proof as being true and correct; such affidavit and summary judgment proof certainly raises material facts and genuine issues. Controverted important, material facts are raised as are genuine issues.

One paragraph of non-movant's response reads:

In October of 1991, a Louis Fontenot filed a lawsuit against Atochem North America, Inc., claiming personal injury. A few months later my client, Mar–Len, Inc., was added to the suit as a defendant and shortly thereafter Davis surfaced as a hired expert for the plaintiff. (At some time thereafter, Davis was designated by the plaintiff as both a fact and expert witness.) There was no valid reason whatsoever for Mar–Len to be named as a defendant, and subsequently, Mar–Len was dismissed from the suit.

Harold Davis *caused* Mar–Len to be named as a defendant in the Fontenot suit, for no other reason than Mar–Len is one of my primary clients, as Mr. Davis is well aware. Mr. Davis is attempting to generate business for himself by actively soliciting lawsuits against my clients—thus generating business for himself as a paid witness. Further, Mr. Davis, after causing my clients to be sued, attempts to enhance his value as a paid expert by promoting his malicious slander against me as factual knowledge.

I firmly believe that a deposition of Harold Davis would confirm his pattern of slander and libel against me. Without his deposition I have no way to determine the full extent he has published or otherwise disseminated these false statements and/or how badly he has damaged me by doing so.

Blackwell's affidavit defeats summary judgment because of the actions and motives of the movant, even if the statements are connected to litigation.

As is noted above, the trial judge specifically authorized and empowered the non-movant affiant to make the last indented paragraph set out above. This part of the non-movant's affidavit was made it in view of the fact that the trial judge had disallowed the taking of the deposition of the defendant. Hence, it was valid summary judgment proof under the trial judge's own orders. Additionally, there were no exceptions or objections made to the affidavit. Hence, on this ground the motion for summary judgment was erroneously granted. Clearly Blackwell's complaints were not limited to statements that were privileged.

As well, all reasonable intendments and all reasonable inferences are to be indulged in favor of the non-movant. Therefore, in view of the movant's past actions on several previous occasions coupled with the making of accusations of actual criminal conduct against Blackwell and in view of the fact that all of these matters are labeled "blatant lies" by Blackwell; it is evident that under proper summary judgment proof that Davis' actions (as sworn to by Blackwell) confirm a pattern of publishing slander and liable against Blackwell. Blackwell's affidavit, which again must be taken as true, further sets out that without Davis' deposition Blackwell has no way to determine the full extent that he has published or otherwise disseminated the false statements or how badly Davis has damaged Blackwell. Nor can the non-movant determine if Davis' actions are court related.

The response also points out that the defendant's answer failed to plead privilege as an affirmative defense as required by the Texas Rules of Civil Procedure Rule 94. The non-movant urged that there was no privilege involved that was absolute or even conditional or qualified. The non-movant also

claimed that the defendant's statements about her which are the basis of the instant lawsuit, were "absolute lies". *The non-movant has sworn that the statements made about her were published in a context in which no privilege existed or attached.* See *Frank B. Hall & Co., Inc. v. Buck,* 678 S.W.2d 612 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

### The Issue of Injunctive Relief

In the response to the motion for summary judgment the non-movant also made an issue for injunction relief on the principles of equity pointing out that she otherwise has no adequate remedy at law to prevent the defendant Davis from spreading what she characterized as lies about the plaintiff in the future—some not court related. The non-movant Blackwell has in the record specifically stated under oath that the statements and actions attributed to her by the defendant Davis are "blatant lies". *The non-movant stated that it is significant that Davis has not pleaded the truth of any of his own statements as a defense, nor has the defendant ever offered or executed his own affidavit in support of his own motion for summary judgment.*

Blackwell has also been involved in a lawsuit involving damages arising from bodily harm. Indeed, her affidavit affirmatively states that on at least two occasions the movant has made accusations and reports of criminal conduct against the non-movant. These two such reports are incorporated into the non-movant's affidavit. The non-movant's affidavit affirmatively sets forth that *Davis caused Mar–Len to be named as a defendant in a personal injury suit* for no other reason than Mar–Len was one of the primary clients of Blackwell. Blackwell is complaining of actions—not just statements in litigation. The affidavit further states that Davis was and is attempting to generate business for himself by actively soliciting lawsuits against Blackwell's clients, thus generating business for himself (Davis) as a paid expert witness. These actions and motivations are not privileged. Blackwell also swears Davis is motivated by malice and bad faith. And the movant caused Blackwell's clients to be sued and thereby increased his value as a paid expert.

### The Violation of Rule 166a and the Untimely Amended Answer

The defendant Davis' original answer contained only a general denial. The defendant-movant for summary judgment had his motion set for hearing on October 18, 1993. The record clearly reflects, however, that late on the afternoon of September 22, 1993, a telephone call was made to the offices of the plaintiff's counsel indicating the summary judgment hearing set for October 18, 1993, had been cancelled and that the *same hearing had been reset for Wednesday, September 29, 1993, at 8:15 o'clock a.m.* The non-movant protested that under TEX.R.CIV.P. 166a the plaintiff was entitled to at least twenty-one (21) days notice of the hearing. From September 22, 1993, to September 29, 1993, was only seven (7) days. Indeed, plaintiff maintains that she had less than seven days notice. The non-movant contends that she has been repeatedly denied the opportunity to take the oral deposition of the defendant Davis despite repeated requests and repeated agreements on Davis' part to appear for the various depositions. The non-movant points out that the defendant is purposely evading such deposition because his testimony will, in all likelihood, reveal the total lack of foundation for the "lies which he is spreading about the plaintiff". And a deposition will reveal more information about the actual extent to which such "lies" have been spread.

By proper summary judgment proof the attorney for the plaintiff has shown that he did not receive notice of the hearing on the defendant's motion for summary judgment that was newly scheduled for 8:15 o'clock a.m. on Wednesday, September 29, 1993, until a telephone call to his office arrived late on the afternoon of Wednesday, September 22nd. Hence, at most, the non-movant had about seven days notice. Therefore, by proper proof the non-movant pointed out that

she had been denied the opportunity to take the defendant's deposition because of his acts. Non-movant had a pending motion to compel the taking of the deposition and for proper sanctions. The attorney of record for the plaintiff swore that he had personal knowledge of the matters that were set forth in his affidavit.

Rule 166a(c) specifically provides that the motion for summary judgment shall state the specific grounds therefor and that the judgment shall be limited to the timely pleadings. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971). The office of the pleadings herein is to set out what the alleged issues are. Deficiencies in the movant's pleadings may indeed defeat the granting of a summary judgment. *Id.* Rule 166a anticipates or implies that the depositions of the important protagonists will be taken and will be available before the trial judge prior to a hearing on a motion for summary judgment taking place.

The defendant finally filed a first amended answer which pleaded as an affirmative defense for the first time that the communications which were made the basis of the suit were made in the course of a judicial proceeding and were therefore privileged. Blackwell denies this contention.

According to the several docket entries, the hearing on the motion for summary judgment was conducted on October 18, 1993, and the motion was granted. Defendant's amended answer was filed on October 15, 1993. *Thus, it is seen that the defendant's first amended answer pleading privilege was not filed until three days before the hearing.* The defendant did not receive leave of court for this untimely pleading. *I, therefore, think that the movant was not entitled to judgment as a matter of law.* This is correct because Rule 166a(c) specifically provides *that except on leave of court with notice to opposing counsel the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for the hearing.* Except on leave of court, the adverse party, not later than seven

days of the date of the hearing, may file and serve opposing affidavits or other written responses. Blackwell's right to the seven days provided for by the Rule was violated. *As we read the record, there was no leave of court granted, and there was no approval or notice to opposing counsel.* The defense of privilege was not before the bench. Hence, the movant Davis was not entitled to judgment as a matter of law. The amended answer was simply not timely filed and therefore the affirmative defense of privilege was simply not available to the movant under Rule 94. Blackwell had no time to make a response.

We are required to accept the summary judgment proof of the non-movant as being true and correct under well-established precedent. *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985). We quote from *Nixon:*

### Summary Judgment

This is an appeal from a summary judgment. The standards for reviewing a motion for summary judgment are well established. As mandated by this court, they are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Furthermore, the usual presumption that the judgment is correct is not applicable here.

The following holding is found in *Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex. 1984). From *Montgomery* we quote:

The standards for review of summary judgment evidence are well established. Defendants moving for summary judgment

must expressly present and conclusively prove all essential elements of their defense as a matter of law; there can be no genuine issues of material fact. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movants will be taken as true. *Cowden v. Bell,* 157 Tex. 44, 46, 300 S.W.2d 286, 287 (1957). Every reasonable inference from the evidence must be indulged in favor of the non-movants and any doubts resolved in their favor. *Hudnall v. Tyler Bank & Trust Co.,* 458 S.W.2d 183, 185 (Tex.1970).

*See Great Am. R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41 (Tex.1965).

Although the pleadings themselves are not considered summary judgment proof; nevertheless, the pleadings do frame the issues to be decided. Davis brought forward his affirmative defense of privilege too late. Therefore, the trial court could not act on that basis. In this case, the non-movant's original petition was verified. The summary judgment proof at least raises material facts, and genuine issues.

I must write separately and respectfully dissent for the following reasons:

(1) movant failed to timely file his basic pleading;

(2) movant did not obtain leave of court to file his late pleading;

(3) movant failed to plead his affirmative defense in time;

(4) movant did not properly controvert or contravene the non-movant's summary judgment proof as a matter of law;

(5) movant has not shown, as a matter of law, that all past, current or future "blatant lies", libel or slander have been or presently or will be conclusively connected to a judicial proceeding;

(6) movant did not permit the non-movant to reasonably complete discovery prior to the hearing on the motion for summary judgment;

(7) movant, himself, has made no affidavit as to past, present or future intentions;

(8) movant has not shown, as a matter of law, that non-movant has an adequate remedy at law; and,

(9) as to the pleadings for equitable relief and injunctive relief, movant has avoided being deposed.

This record, and the granting of the movant's motion are especially violative, I think of Texas Rules of Civil Procedure 1. The proper objective of all the rules of civil procedures is to obtain a just, fair, equitable, knowledgeable, intelligent, and impartial adjudication of the rights of litigants under established principles of the substantive law. This rule should be given a liberal, reasonable, balanced interpretation. The non-movant is entitled to her day *in court.* She has never had her day in court. In practicality and in a pragmatic, matter-of-fact sense, she has not even had her *day out of court*—because of the lack of movant's deposition.