**Thomas A. LOMBARDO, Appellant,**

v.

**Sam H. TRAUGHBER, Appellee.**

**No. 09–97–371CV.**

Court of Appeals of Texas, Beaumont.

Submitted April 22, 1999.

Decided June 10, 1999.

Scot G. Doyen, Silsbee, for appellant.

Joel Randal Sprott, Munisteri, Sprott, Lefevre & Rigby, Houston, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

Thomas A. Lombardo brought suit against Sam H. Traughber alleging slander, civil conspiracy and various acts of negligence. The trial court granted summary judgment in favor of Traughber. Lombardo brings five issues on appeal.

This defamation suit arose from events that transpired in another lawsuit, i.e., a medical malpractice lawsuit in which Lombardo was a defendant. The plaintiffs in the medical malpractice suit had hired Traughber to render his expert opinion concerning medical care. Traughber gave video deposition testimony in the lawsuit that was offered into evidence by counsel during trial. At the conclusion of that suit, Lombardo sued Traughber in the present case alleging that Traughber rendered his opinion in the medical malpractice suit on matters in which he was not qualified and which "totally contravened the medical record." Lombardo alleged Traughber published untrue and libelous statements in the medical malpractice lawsuit and thus exposed him to public hatred, con-tempt and ridicule. The trial court granted summary judgment in favor of Traughber.

In five issues on appeal, Lombardo claims the trial court erred in granting the summary judgment. One of the grounds of Traughber's summary judgment was that the communications Traughber made at trial were privileged as a matter of law and could not serve as the basis for a defamation suit.

In his brief, Lombardo concedes that Texas courts have long recognized the rule that all parties and people involved in judicial proceedings have been afforded absolute immunity for statements incident to the proceedings. Lombardo recognizes *Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909 (1942) and its progeny for the proposition that public policy dictates that people be allowed to tell-all without fear of adverse legal action in order to have full development of all issues relevant to a dispute. However, Lombardo invites this Court to abrogate this traditional rule "in this age of the paid expert witness. Namely that a witness would change facts, subvert truth, abuse the Court and lie in order to earn a highly lucrative expert's fee." We decline Lombardo's invitation.

We review Lombardo's complaints under well known summary judgment standards. The movant must show (1) that there are no genuine issues of material fact and (2) that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). Summary judgment for a defendant is proper if the defendant disproves at least one element of each of the plaintiff's claims or establishes all elements of an affirmative defense to each claim. *American Tobacco Co. Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). In determining whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Id.* Every reasonable infer-

ence must be indulged in favor of the nonmovant and any doubts must be resolved in his favor. *Id.*

The absolute immunity of parties and witnesses from subsequent liability for their testimony in judicial proceedings is well established at common law. *Briscoe v. LaHue,* 460 U.S. 325, 331–32, 103 S.Ct. 1108, 75 L.Ed.2d 96, 105 (1983). Any communication, even perjured testimony, made in the course of a judicial proceeding, cannot serve as the basis for a suit in tort. *Bird v. W.C.W.,* 868 S.W.2d 767, 771 (Tex. 1994); *Laub v. Pesikoff,* 979 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1998, pet. denied); *Leigh v. Parker,* 740 S.W.2d 101, 103 (Tex.App.—Austin 1987, writ denied). The proper administration of justice requires full and free disclosure from witnesses unhampered by fear of retaliatory lawsuits. *Bird,* 868 S.W.2d at 772.

In *Laub,* 979 S.W.2d at 688–89, Mr. Laub sued his former wife's psychologist and psychiatrist for statements they made in affidavits filed during the Laubs' divorce proceedings. After losing on summary judgment, Mr. Laub appealed arguing that the judicial communication privilege does not protect intentional and malicious statements made during the course of a judicial proceeding. *Id.* at 689–90. The Houston court found that all of Laub's claims were precluded by the absolute immunity privilege, no matter their label, as "the essence of each of these claims is that he [Laub] suffered injury as a result of the communication of allegedly false statements during a judicial proceeding." *Id.* at 691–92.

Likewise in the present suit, the essence of each of Lombardo's claims against Traughber is that he suffered injury as a result of the communication of allegedly false statements made during a judicial proceeding. Because Traughber's communications were made during the course of the medical malpractice trial, they were protected by the absolute immunity privilege. The trial court properly granted Traughber's motion for summary judgment. All of Lombardo's issues are overruled and the judgment of the trial court is AFFIRMED.

STOVER, Justice, concurring.

Appellant's efforts in attacking the rule of absolute immunity for expert witnesses are acknowledged with respect. However to sustain his argument, we would have to reverse a complete body of Texas law. "Communications in the course of a judicial proceeding will not serve as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made." *Blackwell v. Davis,* 874 S.W.2d 950, 951 (Tex.App.—Beaumont 1994, no writ)(citing *Reagan v. Guardian Life Ins. Co.,* 140 Tex. 105, 166 S.W.2d 909 (1942)). Therefore, I concur with the majority's decision.