Lee Roger Simpson, Jr. v. Gary Jack Coker, et al















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-117-CV

     LEE ROGER SIMPSON, JR.,
                                                                         Appellant
     v.

     GARY JACK COKER, JR., ET AL.,
                                                                         Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 99-1316-3
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Simpson appeals from two orders of the trial court dismissing his pro se informa
pauperis action as frivolous.
      Appellant, a prison inmate, filed suit in April 1999 against attorney Gary Jack Coker, Jr.,
Falls County District Attorney Thomas B. Sehon and Sgt. David E. Moore, alleging that the three
appellees conspired to deprive him of his civil rights; that the three appellees in October 1992
conspired to fabricate evidence against Appellant for the purpose of stripping him of his defense
in Cause No. 6419 [in Falls County, Texas]. Appellant sought ten million dollars in actual
damages and ten million dollars in punitive damages from each appellee.
      Appellees Sehon and Moore answered asserting Sehon is entitled to absolute prosecutorial
immunity and Moore is entitled to absolute witness immunity and that the two year statute of
limitations additionally barred the cause.
      Appellee Coker filed a motion to dismiss alleging that Appellant failed to comply with Section
14.004 Tex. Civ. Prac. & Rem. Code requiring a listing of prior lawsuits filed; and that
Appellant’s claims were barred by the two year statute of limitations.
      On February 7, 2000, the trial court entered orders dismissing Appellant’s suit as to Appellees
Sehon, Moore and Coker.
      Appellant appeals contending the trial court abused its discretion in dismissing his lawsuit.
      Appellee Sehon, the prosecuting District Attorney in Falls County, is entitled to absolute
prosecutorial immunity for any activity associated with the judicial phase of the criminal process. 
Imbler v. Pachtman, 424 U.S. 409 (1976); Brandt v. West, 892 S.W.2d 59, 70 (Tex.
App.—Houston [1st] 1994, writ denied). The law of absolute immunity applies to all acts flowing
from the prosecutorial function even where the prosecutor acts in bad faith. Imbler, p. 430-31.
      Sgt. Moore was a witness in Appellant’s criminal case in Falls County. There is absolute
immunity of witnesses from subsequent liability for their testimony in judicial proceedings. 
Lombardo v. Traughber, 990 S.W.2d 958, 960 (Tex. App.—Beaumont 1999, writ denied).
      Appellant filed an unsworn declaration of inability to pay costs. Chapter 14 Tex. Civ. Prac.
& Rem. Code applies to a suit brought by an inmate who files an affidavit or unsworn declaration
of inability to pay costs. Section 14.002.
      Section 14.003(a) provides that a court may dismiss a claim, either before or after service of
process, if the court finds that: (2) the claim is frivolous or malicious. Section 14.003(b) provides
that in determining whether a claim is frivolous or malicious, the court may consider whether: 1)
the claim’s realistic chance of ultimate success is slight; 2) the claim has no agruable basis in law
or in fact; 3) it is clear that the party cannot prove facts in support of his claim; or 4) the claim
is substantially similar to a previous claim filed by the inmate.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 136 (Tex. 1939). On the record before
us, we cannot hold that the trial court abused its discretion by dismissing the claim against Coker.
      Claims against District Attorney Sehon are barred by absolute prosecutorial immunity. 
Likewise, claims against Sgt. Moore are barred by witness immunity.
      Appellant’s contentions are overruled.
      The two orders of the trial court dismissing Appellant’s lawsuit are affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 24, 2001
Do not publish



le="font-size: 12pt">Sec. 35. (a) No bill, (except general appropriation bills, which may embrace the
various subjects and accounts, for and on account of which moneys are appropriated)
shall contain more than one subject.
 
(b) The rules of procedure of each house shall require that the subject of each bill be
expressed in its title in a manner that gives the legislature and the public reasonable notice
of that subject. The legislature is solely responsible for determining compliance with the
rule.
 
(c) A law, including a law enacted before the effective date of this subsection, may
not be held void on the basis of an insufficient title.
 
Tex. Const. art. III, § 35.
      The Court of Criminal Appeals has construed subsection (c) of this constitutional provision
to mean that “[c]ourts ‘no longer [have] the power to declare an act of the Legislature
unconstitutional due to the insufficiency of the caption.’” Meshell v. State, 739 S.W.2d 246, 251
(Tex. Crim. App. 1987) (quoting Baggett v. State, 722 S.W.2d 700, 702 (Tex. Crim. App.
1987)); accord Ford Motor Co. v. Sheldon, 22 S.W.3d 444, 452 (Tex. 2000); Garay v. State, 940
S.W.2d 211, 216 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). Thus, we do not have
jurisdiction to declare the Penal Code unconstitutional on the basis of a deficient caption.
      The indictment presented in Page’s case invested the court with jurisdiction. See Tex.
Const. art. V, § 12(b); Cook v. State, 902 S.W.2d 471, 476 (Tex. Crim. App. 1995). The trial
court has jurisdiction of felony offenses such as that charged in the indictment. See Skillern v.
State, 890 S.W.2d 849, 859 (Tex. App.—Austin 1994, pet. ref’d). Accordingly, our review of
the record reveals no jurisdictional defects.
      For these reasons, we conclude that Page’s appeal presents no issues of arguable merit. Thus,
we affirm the judgment. Unless appellate counsel has been allowed to withdraw, counsel must
advise Page of the result of the appeal and of his right to file a petition for discretionary review. 
See Sowels, 45 S.W.3d at 694.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed February 6, 2002
Publish
[CR25]