IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 

 



No. 10-05-00397-CV

 

In re
Linda Farr Arnold

 

 

 



Original Proceeding 

 



MEMORANDUM  Opinion










 

          Linda Farr Arnold, through Joseph Dale
Robertson, filed an application for writ of habeas corpus complaining that she
is constructively confined and restrained in her liberty because of the threat
of the execution of a writ of possession entered in conjunction with a forcible
entry and detainer action.  We dismiss the petition.

          It is important to decide first
whether we have jurisdiction to review his habeas petition.  Ex parte Ustick,
9 S.W.3d 922, 924 (Tex. App.—Waco 2000, orig. proceeding).  Our original
jurisdiction in habeas corpus petitions is limited.  In civil cases, the courts
of appeals, concurrent with the Texas Supreme Court, have limited jurisdiction
of habeas proceedings by virtue of the Texas Government Code.  Id.  See Ex parte Layton, 928 S.W.2d 781, 782 (Tex. App.—Amarillo
1996, orig. proceeding); Tex. Gov't Code
Ann. § 22.221(d) (Vernon 2004).  The Code provides, in part:

(d) Concurrently with the supreme court, the
court of appeals of a court of appeals district in which a person is restrained
in his liberty...may issue a writ of habeas corpus when it appears that the
restraint of liberty is by virtue of an order, process, or commitment issued by
a court or judge because of the violation of an order, judgment, or decree
previously made, rendered, or entered by the court or judge in a civil case....

 

Tex. Gov't Code Ann. § 22.221(d) (Vernon 2004) (emphasis added).  Thus,
the petitioner must be seeking freedom from restraint imposed by an order
arising from the violation of a previous order in a civil case.  See Ex
parte Hawkins, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig.
proceeding).  But in criminal cases, we do not have original habeas corpus
jurisdiction.  Tex. Code Crim. Proc.
Ann. art. 11.05 (Vernon 2005); Ex parte Hawkins, 885 S.W.2d 586, 588
(Tex. App.—El Paso 1994, orig. proceeding). 

          Arnold complains about a writ of
possession issued to remove her from where she lives.  This is a civil matter. 
However, she is not being restrained in her liberty because of the violation of
an order previously made.  There is only one order about which she complains,
the writ of possession.  And she has not violated that order.  Therefore, we
have no jurisdiction to issue a writ of habeas corpus.

          Arnold further contends that she is
being held in constructive custody as defined by article 11.21 of the Code of
Criminal Procedure.  Tex. Code Crim.
Proc. Ann. art. 11.21 (Vernon 2005).  However, the threat of an eviction
is not the type of threat contemplated by that provision.  Additionally, this
provision pertains to writs of habeas corpus in criminal law matters, and we
have no original jurisdiction in those matters.




          Accordingly, the petition for writ of
habeas corpus is dismissed for want of jurisdiction.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

          (Justice
Vance concurs without a separate opinion)

Writ
dismissed 

Opinion
delivered and filed November 18, 2005

[OT06]






>      Appellee Sehon, the prosecuting District Attorney in Falls County, is entitled to absolute
prosecutorial immunity for any activity associated with the judicial phase of the criminal process. 
Imbler v. Pachtman, 424 U.S. 409 (1976); Brandt v. West, 892 S.W.2d 59, 70 (Tex.
App.—Houston [1st] 1994, writ denied). The law of absolute immunity applies to all acts flowing
from the prosecutorial function even where the prosecutor acts in bad faith. Imbler, p. 430-31.
      Sgt. Moore was a witness in Appellant’s criminal case in Falls County. There is absolute
immunity of witnesses from subsequent liability for their testimony in judicial proceedings. 
Lombardo v. Traughber, 990 S.W.2d 958, 960 (Tex. App.—Beaumont 1999, writ denied).
      Appellant filed an unsworn declaration of inability to pay costs. Chapter 14 Tex. Civ. Prac.
& Rem. Code applies to a suit brought by an inmate who files an affidavit or unsworn declaration
of inability to pay costs. Section 14.002.
      Section 14.003(a) provides that a court may dismiss a claim, either before or after service of
process, if the court finds that: (2) the claim is frivolous or malicious. Section 14.003(b) provides
that in determining whether a claim is frivolous or malicious, the court may consider whether: 1)
the claim’s realistic chance of ultimate success is slight; 2) the claim has no agruable basis in law
or in fact; 3) it is clear that the party cannot prove facts in support of his claim; or 4) the claim
is substantially similar to a previous claim filed by the inmate.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 136 (Tex. 1939). On the record before
us, we cannot hold that the trial court abused its discretion by dismissing the claim against Coker.
      Claims against District Attorney Sehon are barred by absolute prosecutorial immunity. 
Likewise, claims against Sgt. Moore are barred by witness immunity.
      Appellant’s contentions are overruled.
      The two orders of the trial court dismissing Appellant’s lawsuit are affirmed.

                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 24, 2001
Do not publish